A. L. MECHLING BARGE LINES, INC., Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants.

No. 62 C 170.

United States District Court
N. D. Illinois, E. D.

June 14, 1963.

Lord, Bissell & Brook, Chicago, Ill., for plaintiff.

James P. O'Brien, U. S. Atty., Chicago, Ill., Lee Loevinger, John H. D. Wigger, Asst. Attys. Gen., Dept. of Justice, Robert W. Ginnane, Gen. Counsel, Betty Jo Christian, Interstate Commerce Commission, Washington, D. C., for defendants.

James K. Knudson, Paul F. Sullivan, Ben Ivan Melnicoff, Knudson, Sullivan & Badger, Washington, D. C., for plaintiff and intervenors supporting plaintiff.

Harry C. Ames, Jr., E. Stephen Heisley, Ames, Hill & Ames, Washington, D. C., Daniel A. Costigan, Chicago, Ill., Donald Macleay, Russell S. Bernhard, Macleay, Lynch, Channing & Bernhard, Washington, D. C., for intervenors supporting defendants.

Amos M. Mathews, Chicago, Ill., Earl E. Eisenhart, Jr., Commerce Counsel, Southern Railway System, Washington, D. C., Lewin W. Wickes, Asst. Gen. Counsel, Pennsylvania R.R., Philadelphia, Pa., Phil C. Beverly, Gen. Atty., Atlantic Coast Line R. Co., Jacksonville, Fla., John W. Adams, Jr., Gen. Atty., Gulf, Mobile and Ohio R.R., Mobile, Ala., Chas. P. Reynolds, Gen. Atty., Wilkes C. Robinson, Commerce Atty., Seaboard Air Line R. Co., Richmond, Va., John H. Doeringer, Illinois Cent. R.R., Chicago, Ill., of counsel, for intervening railroads.

Before KILEY, Circuit Judge, and ROBSON and AUSTIN, District Judges.

PER CURIAM.

A. L. Mechling Barge Lines, Inc. challenges the Interstate Commerce Commission's report and order of June 15, 1961, refusing Mechling a revised certificate of public convenience and necessity to operate as a common carrier by non-self-propelled vessels with the use of separate towing vessels between Florida and places on the Mississippi River and the Illinois Waterway. Other parties have intervened both in support or opposition to these proceedings. Subsequent limitations by Mechling of the territory for which the revised certificate was sought have materially reduced the relevancy to this review of much of the evidence before the Commission.

The Commission's order determined that the findings of its Division 1 were "in accordance with the evidence and the applicable law." In its decision it concluded that:

"The evidence demonstrates that in addition to rail service, substantial water-carrier operations are available to shippers in the considered areas, and there is no real showing that such existing carriers are unable to provide reasonably adequate services. * * * While it may be desirable from a shipper's standpoint to have single-line service, we have uniformly held that sound economic conditions in the transportation industry require that carriers now serving a particular territory or locality should normally be accorded the right to transport

all traffic therein which they can handle adequately, efficiently, and economically before a new operation should be authorized. * * *

"We find that applicants * * * have failed to establish that the present or future public convenience and necessity require the proposed operations; and that the applications should be denied."

 Tested by the norm enunciated in Gilbertville Trucking Co., Inc. v. United States, 371 U.S. 115, 126, 83 S.Ct. 217, 224, 9 L.Ed.2d 177 (1962), which limits our consideration and review of the Commission's order to a determination of whether there was a "rational basis * * * supported by substantial evidence," we conclude such basis exists here for the order entered. It does not "violate the coherence of the body of administrative and judicial precedents so far developed in this area" (United States v. Drum, 368 U.S. 370, 376, 82 S.Ct. 408, 411, 7 L.Ed.2d 360 (1962)). Since there was "warrant in the record for the judgment of the expert body it must stand." (Communist Party of United States v. Subversive Activities Control Board, 367 U.S. 1, 41, 81 S.Ct. 1357, 1382, 6 L.Ed.2d 625 (1961).)

 The Commission as "guardian of the public interest" (United States v. Detroit & Cleveland Navigation Co., 326 U.S. 236, 241, 66 S.Ct. 75, 90 L.Ed. 38 (1945)), has determined that the revised certificate of public convenience should not issue. While it might be said to be arguable that the type of "single-line" through service plaintiff seeks to provide would be an improved and better service, for which there is present or future need over existing interline service, it is also clearly rational to conclude contrariwise, as did the Commission. Much of the evidence adduced was as to conjectural future use of such service, if offered. There is in fact no showing that the present service is inadequate.

The instant situation is not comparable to the one considered in Schaffer Transportation Co. et al. v. United States et al., 355 U.S. 83, 78 S.Ct. 173, 2 L.Ed.2d 117 (1957), wherein the Supreme Court concluded that proper weight had not been accorded a more economical competing *mode* of transportation, i. e., motor carrier over rail transportation.

This Court finds, therefore, that the order of the Interstate Commerce Commission was within its statutory power; that the order is based upon adequate findings supported by substantial evidence, and is in accordance with the applicable law. Further, it finds that no prejudicial error occurred in the hearings before the Examiner or Commission, and that the Complaint should be dismissed. The order of dismissal is being entered this day.