NATIONAL BUS TRAFFIC ASSOCIA-
TION, Inc., Greyhound Lines, Inc.,
Transcontinental Bus System, Inc.,
American Buslines, Inc., Plaintiffs,

v.

The UNITED STATES of America and
the Interstate Commerce Commis-
sion, Defendants,

Louis Rosenbaum, d/b/a El Paso-Los An-
geles Limousine Express, Inter-
vening Defendant.

United States District Court
N. D. Illinois, E. D.

Dec. 11, 1967.

Joseph Tuohy, Robert J. Bernard, Chi-
cago, Ill., D. Paul Stafford, Warren A.
Goff, Dallas, Tex., Drew L. Carraway,
John S. Fessenden, Washington, D. C.,
for plaintiffs.

Donald F. Turner, Asst. Atty. Gen.,
John H. D. Wigger, Dept. of Justice,
Washington, D. C., Edward V. Hanrahan,
U. S. Atty., Chicago, Ill., for the United
States.

Robert W. Ginnane, Gen. Counsel,
Steven Kazan, Atty., Interstate Com-
merce Commission, Washington, D. C.,
for Interstate Commerce Commission.

Carl L. Steiner, of Axelrod, Goodman
& Steiner, Chicago, Ill., M. Ward Bailey,
of Christopher & Bailey, Fort Worth,
Tex., for intervening defendant.

Before HASTINGS, Circuit Judge, and
WILL and LYNCH, District Judges.

PER CURIAM.

The plaintiffs seek to vacate and permanently enjoin a decision and order of the Interstate Commerce Commission which granted a certificate of public convenience and necessity to Louis Rosenbaum, doing business as El Paso-Los Angeles Limousine Express of El Paso, Texas (hereinafter referred to as Rosenbaum). The certificate authorizes the operation of a limousine service for carrying passengers and their baggage between El Paso and Los Angeles over regular routes in nine-passenger vehicles, serving no intermediate points. Rosenbaum has intervened as a defendant.

On January 5, 1965, Rosenbaum filed an application with the Commission for a certificate of public convenience and necessity under Section 207 of the Interstate Commerce Act, 49 U.S.C. § 307 (1964). The plaintiffs protested the application and a hearing thereon was held on October 4–6, 1965, at El Paso, Texas, before an examiner. In his report, the examiner recommended that the applicant be granted the authority sought. The plaintiffs filed exceptions to the examiner's report and the applicant filed a reply. The matter was reviewed by the Commission and on April 28, 1966, the Commission adopted the examiner's report in its decision and order and granted the certificate. Subsequent petitions by the plaintiffs for reconsideration of the matter have been denied and the defendants admit that the plaintiffs have exhausted their administrative remedies and that this case is therefore ripe for judicial review.

The applicant proposes to furnish a passenger transportation service between El Paso and Los Angeles, using nine-passenger station wagons operated by drivers who speak Spanish. Twenty-seven witnesses appeared before the hearing examiner in support of the application. Their testimony disclosed that persons of Mexican ancestry who reside in El Paso, or at nearby points in Mexico and who have occasion to travel between El Paso and Los Angeles, are confronted by a language barrier. These persons are often confused although the existing carriers maintain Spanish-speaking personnel at their terminals and announce their departures and arrivals in both English and Spanish. They also testified that the passengers' baggage sometimes did not arrive with the passengers. Several witnesses testified that they found a limousine service more comfortable than a bus service and that they preferred the faster service offered by the applicant. The testimony disclosed further that various wildcat limousine services are currently operating between Juarez, Mexico and Los Angeles, and that a number of persons use these illegal services rather than the existing bus service. The examiner found that the limousine service proposed by the applicant is "distinctive." This finding of distinctiveness was based on four elements: more comfort, movement of baggage on the same vehicle with passengers, faster service, and drivers who speak Spanish. The examiner also found that the applicant's potential market consisted largely of those persons whom plaintiffs had already lost to the wildcat operations and that, therefore, plaintiffs' operations would not be adversely affected by the applicant's success.

The Commission adopted the report of the examiner. It found that the existing carriers provided an adequate service to the extent that they were able to do so, but that the distinctive type of service that was proposed justified a grant of authority to Rosenbaum despite the existence of the other passenger carriers. It also considered evidence that the applicant's operations would have an adverse effect on the wildcat carriers and concluded that the issuance of a certificate of public convenience and necessity to the applicant might tend to curb such illegal operations.

The United States Supreme Court has frequently held that orders of the Interstate Commerce Commission should not

be set aside, modified, or disturbed by a court on review if they lie within the scope of the Commission's statutory authority and are based upon adequate findings which are supported by substantial evidence upon the record as a whole, even though the court might have reached a different conclusion on the facts presented. Gilbertville Trucking Co., Inc. v. United States, 371 U.S. 115, 126, 83 S.Ct. 217, 9 L.Ed.2d 177 (1962); United States v. Pierce Auto Freight Lines, 327 U.S. 515, 535–536, 66 S.Ct. 687, 90 L.Ed. 821 (1946); Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286–287, 54 S.Ct. 692, 78 L.Ed. 1260 (1934).

 The courts have recognized that Congress has delegated to the Commission a broad discretion in determining what constitutes "public convenience and necessity" under Section 207(a) of the Interstate Commerce Act. 49 U.S.C. § 307(a) (1964). Interstate Commerce Commission v. Parker, 326 U.S. 60, 65, 65 S.Ct. 1490, 89 L.Ed. 2051 (1945); United States v. Detroit & Cleveland Navigation Co., 326 U.S. 236, 241, 66 S.Ct. 75, 90 L.Ed. 38 (1945). It is for the Commission to determine whether the public convenience and necessity require the issuance of a certificate authorizing interstate motor carrier operations. Accordingly, the instant action should be tested by the norm which limits our consideration and review to a determination of whether there was a "rational basis * * supported by substantial evidence." A. L. Mechling Barge Lines, Inc. v. United States, 218 F.Supp. 837, 839 (N.D.Ill. 1963). We conclude that such a basis exists here for the order entered.

The Commission determined that a certificate of public convenience and necessity should be issued to the applicant. It concluded that the certificate was justified by the distinctive type of passenger service which was proposed. The record discloses that the proposed service was designed: to be faster, to overcome the language barrier encountered by Spanish-speaking people, to assure arrival of luggage along with the passenger, to be more comfortable than travel on buses, and to be more advantageous to Spanish-speaking people. The proposed service might also be instrumental in curbing existing illegal passenger services operating in the area. This record provides substantial evidence to support the Commission's conclusion.

Plaintiffs urge that the elements considered by the Commission, particularly the fact that Spanish-speaking drivers will make travel more convenient for Spanish-speaking passengers, are improper grounds for issuance of a certificate. They contend, in terrorem, that if these are relevant factors, they would equally support the issuance of a certificate to an applicant who proposed using Italian-speaking drivers in a service between New York and Pittsburgh or other comparable applications.

Each case must, of course, stand on its own facts. Service between El Paso, situated on the Mexican border just opposite the city of Juarez, and Los Angeles, is a substantially different question than service between New York and Pittsburgh. We hold only that the Commission's action here was within its statutory power; that its order is based upon adequate findings supported by substantial evidence, and is in accordance with the applicable law. Accordingly, we conclude that the order and decision of the Commission be affirmed and that the Complaint should be dismissed. An appropriate order will be entered.